UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EQUIBAL, INC.,

Plaintiff,

v.

365 SUN LLC dba Nutree Cosmetics,
NUTREE PROFESSIONAL BRAZIL,
LANCE THOMPSON, NATALIA Y.
 LIKHACHEVA, BRUNO BORGES GARCIA
and JOHN DOES 1-10,

Defendants.

Docket No. 7:21-cv-06254-VB



### STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER

Plaintiff Equibal, Inc. and Defendants 365 SUN LLC d/b/a Nutree Cosmetics, Lance

Thompson, and Natalia Y. Likhacheva (the "Parties"), having so stipulated and requested that the

Court issue a Protective Order pursuant to Fed. R. Civ. P. 26(c) to protect the confidentiality of

certain documents and information that may be disclosed during discovery or other proceedings

in this action, it is therefore hereby:

**ORDERED** that any person or entity subject to this Protective Order – including without

limitation the Parties and their representatives, agents, experts and consultants, and any non-

party providing discovery in this action – shall adhere to the following terms:

1.     **FORM OF INFORMATION GOVERNED.**

This Protective Order shall govern the handling of any document, information or other

thing that is designated as "Confidential Information" or "Highly Confidential Information"

under any of the categories defined below.  The form of information protected includes, but is

not limited to, documents and things, responses to requests to produce documents or other things,

responses to interrogatories, responses to requests for admissions, declarations, expert reports,

proprietary information about affiliates, parents, subsidiaries and/or individuals/entities with

whom the Parties to this action have or have had business relationships; and other information,

the disclosure of which, would be detrimental to that Party and/or the conduct of that Party's

business or the business of that Party's customers or clients.

        f.      The term "Highly Confidential Information" shall include any

Confidential Information which the Designating Party or third party reasonably believes to be so

highly sensitive, private, or competitively valuable, that it is entitled to extraordinary protections

afforded such information under this Order.  Highly Confidential Information is included within

the meaning of Confidential Information as used in this Order, and all provisions of this Order

that apply to Confidential Information also shall apply to Highly Confidential Information, with

such additional protections that are expressly afforded to Highly Confidential Information.

    **3.**      **DESIGNATION OF CONFIDENTIAL INFORMATION.**

        a.      Upon the entry of this Protective Order, all documents produced in this

proceeding that the Producing Party reasonably believes contain Confidential Information or

Highly Confidential Information may be designated as "**CONFIDENTIAL**" or "**HIGHLY**

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**," respectively.  In addition, all portions of

pleadings, answers to interrogatories, answers to requests for admissions, responses to requests

for production of documents, expert reports, declarations, and deposition testimony and

deposition exhibits that rely upon or reference documents and/or information designated as

"**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**"

pursuant to this Protective Order shall be subject to this Order as set forth below.

        b.      The designation of Confidential Information or Highly Confidential

Information shall be made at the following time:

the object or the container for the object, or if not practicable or if doing so might damage the object, as otherwise agreed by the Parties and/or non-party;

(iii)    For answers to interrogatories, answers to requests for admissions, responses to requests for production of documents, expert reports and declarations, by placing a legend of "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**" on the face of such responses, declarations or reports or, for such documents provided prior to the entry of this protective order, by notifying outside counsel for the Receiving Party and providing an additional copy of such document that includes the legend of "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**";

(iv)    For pleadings, by placing a legend of "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**" on the face of such pleading; and

(v)    For deposition testimony and/or exhibits, following designation pursuant to paragraph 3.b(iv) above, all copies of deposition transcripts that contain information or material designated as Confidential Information or Highly Confidential Information shall include the legend "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**" on the cover thereof and indicate which pages of the transcript and/or exhibit have been designated as Confidential Information or Highly Confidential Information.

d.    It shall be the duty of the Designating Party seeking protection of Confidential Information or Highly Confidential Information to indicate to the other Party and its Outside Counsel which materials are to be considered Confidential Information or Highly Confidential Information.

**ONLY"** is, in fact, public, publically available, or in or culled from the public domain.  Any document, information, or thing which prior to disclosure hereunder, is either (a) in the possession of a Non-Designating Party who, absent this Protective Order, is under no restriction or obligation with respect to the dissemination of such information, (b) public knowledge or which, after disclosure, becomes public knowledge other than through an act or omission in violation of this Protective Order, or (c) available on the internet or other public sources, or culled from sources available on the internet or other public sources, shall be deemed to be in the public domain.  A Receiving Party asserting that any designated information is in the public domain shall, prior to disclosing any such information (outside of the parameters of this Protective Order), obtain the Court's approval or the Designating Party's written approval for the disclosure.

        d.     If a Party challenges the designation of any documents or information as **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** under this Protective Order, the challenged designation and categorization shall remain in effect unless and until it is voided by an Order of the Court or agreement, in writing, of the Designating Party.

    **5.**    **ACCESS TO CONFIDENTIAL INFORMATION.**

        a.     Access to information marked **"CONFIDENTIAL"** shall be limited to, and only to, the following "Qualified Persons":

        (i)     The Parties.

        (ii)     Current or former directors, officers and employees of the Parties necessary to assist Outside Counsel or the Parties' in-house counsel in connection with this action.

action and any court ruling on any matter in or related to this action, as well as stenographers,

court reporters and/or videographers engaged to transcribe depositions, trial or other hearings or

proceedings in this action.

       (vii)      Witnesses providing testimony at trial, but only as relevant and

necessary to such testimony.

       (viii)      Party and non-party deponents, but only as relevant and necessary

to their depositions.

       (ix)      Any person or entity which created or previously received or

possessed the document, information, material or thing, other than through an act or omission in

violation of this Protective Order.

       (x)      Any other individual that the Producing Party agrees in writing is a

Qualified Person, provided that before any such individual receives or is told about any

Confidential Information or Highly Confidential Information, she or he is provided with a copy

of this Protective Order and agrees to be bound to its terms by signing a copy of the

Confidentiality Statement.

       b.      Access to information marked "**HIGHLY CONFIDENTIAL –**

**ATTORNEYS' EYES ONLY**" shall be limited to, and only to, the persons in paragraph 5.a (iii)

through (x) of this Agreement.

       c.      All materials containing Confidential Information or Highly Confidential

Information marked "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL – ATTORNEYS'**

**EYES ONLY**" shall be maintained at a location and under circumstances to ensure that access is

limited to those persons entitled to have access under this Protective Order.

agree that it shall not lose its confidential status through such use, and the Parties shall take all reasonable steps to protect its confidentiality.

b.      The Parties shall file documents under seal by complying with the instructions set forth in Rules 6 and 18.4 of the Clerk of Court's Southern District of New York Electronic Case Filing Rules & Instructions.

c.      If the Court Clerk shall refuse to file a sealed pleading or memorandum, the Party attempting to file the pleading or memorandum shall not be prejudiced from re-filing an unsealed version of the pleading or memorandum sealed through a motion.  Any Party who in good faith believes that designation and filing under seal is required pursuant to this Protective Order may make an application to the Court to permit filing under seal within fifteen (15) business days of learning of any such filing.  Alternatively, a party may publically file a redacted copy of a pleading, declaration, exhibit, or memorandum redacting the confidential material.

**8.      PARTY'S OWN INFORMATION.**

The restrictions on the use of Confidential Information or Highly Confidential Information established by this Protective Order are applicable only to the use of Confidential Information or Highly Confidential Information received by a Party, or Outside Counsel of a Party, from another Party or a non-party, where such non-party or a Party designates the material as confidential.  A Party is free to do whatever it desires with its own Confidential Information or Highly Confidential Information.  No provision of this Protective Order shall be construed to limit or expand any Party's ability to seek further discovery in any form from any other Party or non-party, it being the express intention of the Parties that this Protective Order shall be entirely neutral as to the scope of any discovery.

**9.      INADVERTENT PRODUCTION.**

11

information is or is not proprietary to any Party or non-party, is or is not entitled to particular

protection or does not embody trade secrets of any Party or non-Party.  The procedures set forth

herein shall not affect the rights of Parties or non-parties to object to discovery on grounds other

than those related to trade secrets or proprietary information claims, nor shall it relieve a Party or

non-party of the necessity of proper responses to discovery devices.

     13.    **NO PROBATIVE VALUE.**

     This Protective Order shall not abrogate or diminish any contractual, statutory or other

legal obligation or right of any Party with respect to any Confidential Information or Highly

Confidential Information.  The fact that information is designated **"CONFIDENTIAL"** or

**"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** under this Protective Order

shall not be deemed to be determinative of what a trier of fact may determine to be confidential

or proprietary.  This Protective Order shall be without prejudice to the right of any Party to bring

before the Court the question of:  (a) whether any particular material is or is not confidential; (b)

whether any particular information or material is or is not entitled to a greater or lesser degree of

protection than provided hereunder; or (c) whether any particular information or material is or is

not relevant to any issue of this case, provided that in doing so the Party complies with the

foregoing procedures.  Absent a stipulation of all Parties, the fact that information has been

designated **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES**

**ONLY"** under this Protective Order shall not be admissible as evidence during any trial in this

action.

     14.    **TERMINATION OF ACTION.**

     Within forty-five (45) business days of the final disposition of the action, whether by

judgment and exhaustion of any and all appeals, or by settlement, any Receiving Party shall:

or other application to the Court pursuant to the Federal Rules of Civil Procedure and Local

Rules of the United States District Courts for the Southern and Eastern Districts of New York.

**17.    INTERPRETATION OF THIS PROTECTIVE ODER.**

This Protective Order is not intended and should not be interpreted to limit in any way the

scope of discovery or prevent the Parties from engaging in and obtaining open discovery

pursuant to the laws and spirit of the Federal Rules of Civil Procedure.

**18.    DISCLOSURE TO THE FACT FINDER.**

Nothing herein shall be deemed to preclude disclosure of Confidential Information or

Highly Confidential Information to the Court having jurisdiction over and any jury empaneled in

the action, including, without limitation, as part of any trial in this action.

**19.    JURISDICTIONAL WAIVER.**

Each person to whom Confidential Information or Highly Confidential Information is

disclosed subject to the provisions of this Protective Order hereby submits himself or herself to

the jurisdiction of this Court.  As set forth above, this Court shall retain continuing jurisdiction to

enforce this Protective Order with respect to any Confidential Information or Highly

Confidential Information used or produced in this action.  The execution of this Protective Order

and its entry as an Order is without prejudice to jurisdictional or venue defenses of the Parties, if

any.

**20.    EXECUTION AND COUNTERPARTS.**

This Protective Order may be executed in one or more identical counterparts, each of which shall

be deemed to be an original, but all of which together shall constitute one and the same

instrument.  Facsimile or .pdf signatures of any Party upon the signature page of this Protective

Dated:  August ___, 2022
           New York, New York


KANTROWITZ GOLDHAMER &              MDK LAW
GRAIFMAN, P.C.


By: */s/ Gary Graifman* _____        By:  */s/ Mark Kimball* _____
     Gary Graifman                                        Mark D. Kimball
     Jay Brody                                            777 108th Ave NE, Suite 2000
     16 Squadron Blvd, Suite 106                          Bellevue, Washington 98004
     New City, NY 10956                                   Telephone: (425) 455-9610
     Telephone: (845) 356-2571                            Mkimball@mdklaw.com
     Ggraifman@kgglaw.com

                                                     *Attorneys for Defendants 365 SUN LLC, Lance*
     *Attorneys for Plaintiff*                       *Thompson, and Natalia Y. Likhacheva*



SO ORDERED:

_____
VINCENT L. BRICCETTI
United States District Judge


Date:  August 12, 2022 _____
          White Plains, New York

//

      (5)     I agree not to use any Confidential Information or Highly Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned action and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** (i.e., the Designating Party) or by Order of this Court.

Name: _____

Address: _____

_____

_____

Signature: _____

Date: _____

19